```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PAUSCH MEDICAL GMBH,

        *Plaintiff*,

  -against-

PAUSCH LLC,

        *Defendant*.

-------------------------------------------------------------X

14-cv-1945 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Pausch Medical GmbH, a German manufacturer of medical apparatuses, brings this action against Defendant Pausch LLC, a Delaware distribution corporation with its principal office in New Jersey, asserting claims under the Lanham Act (15 U.S.C. §§ 1064, 1114, and 1125(a)) and related New York state laws.

Plaintiff, through its predecessor, has manufactured medical apparatuses using the PAUSCH mark since the 1930s. Compl. ¶ 6. In 1979, the parties' predecessors agreed that Plaintiff would ship its medical apparatuses from Germany to Defendant in New Jersey for distribution in the United States. K Tice Decl. ¶ 6. The parties' arrangement continued until 2010, when Defendant registered the PAUSCH trademark and began affixing the mark to medical apparatuses not purchased from Plaintiff. Compl. ¶¶ 18-19.

Defendant moves for a change of venue to the District of New Jersey, pursuant to 28 U.S.C. § 1404. For the reasons stated below, Defendant's motion is GRANTED.

## DISCUSSION

### I.    Legal Standard

A change of venue is appropriate if a defendant demonstrates (1) that the action "might have been brought" in the proposed venue, and (2) that the transfer would promote the

1

"convenience of the parties and witnesses and interest of justice." 28 U.S.C. § 1404(a); *see JFP Touring, LLC v. Polk Theatre, Inc.*, 2007 WL 2040585, at *12 (S.D.N.Y. Jul. 12, 2007) (requiring the defendant to make a "clear and convincing showing" that transfer is appropriate).

In determining the convenience of the parties and witnesses and interests of justice, courts may balance the following factors: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). These factors are not an exhaustive list and instead "serve as guideposts to the Court's informed exercise of discretion." *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). Courts, therefore, are free to consider other relevant factors such as the trial efficiency achieved by the transfer. *See Glass v. S & M NuTec, LLC*, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006).

## II. Analysis

As a threshold matter, Plaintiff's action could have been brought in the District of New Jersey, where Defendant's principal place of business is located. Compl. ¶ 2. While this District is not an improper forum under 28 U.S.C. 1391 § (b)(2), considerations of justice and convenience dictate transferring the action to the District of New Jersey.

First, since New York is not Plaintiff's home district, little weight is afforded to its choice to litigate in this District. *See Tole v. Glenn Miller Productions, Inc.*, 2013 WL 4006134, at *5 (S.D.N.Y. Aug. 6, 2013). Plaintiff's reasons for choosing this District are insufficient and the

factors pointing to New Jersey are substantial. Traveling from Germany to either New York or New Jersey is substantially identical and requires similar logistical planning. *See GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc.*, 2013 WL 2244315, at *6 (S.D.N.Y. May 21, 2013). Plaintiff's current distributor, Ti-Ba Enterprises, is located in Rochester, in the Western District of New York (some 300 miles outside this District). And, Plaintiff's counsel of record is admitted to the District Court of New Jersey. Plaintiff and its predecessor also have over 30 years of close commercial contact with New Jersey.

Second, the convenience of the parties and witnesses weighs in favor of a transfer. Defendant, as a New Jersey-based company, faces clear inconveniences in having to travel to this District to litigate this dispute, particularly since neither its business nor this dispute bear any meaningful connection with this District. Defendant's witnesses are located in New Jersey and can shed light on the parties' business relationship, which is likely to be material given the factual disagreements regarding the ownership and license of the PAUSCH mark in the United States. K. Tice Decl. ¶¶ 16-18. Plaintiff also identifies material witnesses, located in Germany and Rochester, New York. While it may be more convenient to depose them there, if they do travel, the travel difference between New York and New Jersey is not significant. Moreover, Plaintiff is quite familiar with New Jersey since it was the focal point of its United States operations for over 30 years, until it recently changed to a distributor in Rochester, New York. Therefore, a transfer will better suit Defendant and its witnesses without unduly inconveniencing Plaintiff and its witnesses.

Third, the locus of operative facts is in New Jersey. Although the initial forum is typically the locus of operative facts in trademark infringement cases when the allegedly infringing products are sold in that forum, *see NBA Properties, Inc. v. Salvino, Inc.*, 2000 WL 323257, at *4

(S.D.N.Y. Mar. 27, 2000), that conclusion does not always hold true. Here, the threshold question is who owns the PAUSCH mark in the United States; and the factual information necessary to answer this question exists in New Jersey. The question of infringement does not become relevant until the primary question is answered in Plaintiff's favor.

Finally, the trial efficiency achieved by transferring the action overwhelmingly supports a transfer. Before Plaintiff began this action, Defendant had sued Plaintiff's distributor, Ti-Ba Enterprises, in the District of New Jersey for allegedly infringing Defendant's PAUSCH mark. *Pausch LLC v. Ti-Ba Enterprises, Inc.*, 13-cv-6933 (PGS)(TJB), filed Nov. 15, 2013 (D.N.J.). Defendant has since amended its complaint and added Plaintiff as a co-defendant in its New Jersey action. Both cases share a common central issue: the ownership of the PAUSCH mark. Transferring the action to the District of New Jersey could, therefore, lead to consolidation with Defendant's pending suit, presenting clear efficiencies. Defendant has also named Plaintiff as a defendant in a separate breach of contract suit in the District of New Jersey. *Pausch LLC v. Pausch Medical GmbH*, 14-cv-3073 (AET)(TJB), filed May 14, 2014 (D.N.J.). While this case is not explicitly related to the PAUSCH mark, it still supports Defendant's overall argument that New Jersey is at the center of the parties' commercial relationship and that transfer is appropriate. Efficiency and common sense heavily favor transferring the action to New Jersey.

## CONCLUSION

For the reasons above, Defendant's motion to transfer is GRANTED. The Clerk of Court is directed transfer this action to the District of New Jersey and close this case.

Dated: New York, New York
      February 24, 2015

SO ORDERED

*[signature]*
PAUL A. CROTTY
United States District Judge

4